**Wagner v. Wagner**

*Donald W. Lehrkinder,* for plaintiff.
*Timothy J. Savage,* for defendant.

BLOOM, J., January 18, 1973.—The matter presently before this court arises from a complaint in divorce a.v.m. filed by plaintiff, Gilbert Wagner, against the wife-defendant, Jeanine Haussy Wagner. A copy of the complaint was served on defendant personally by the Sheriff of Montgomery County at defendant's home on November 13, 1971. On April 19, 1972, a master was appointed to hear testimony in this case. Defendant had not caused an appearance to be entered on her behalf and although the master sent notice of the master's hearing to defendant, defendant never received such notice. In fact, the notice of master's hearing was returned to the master and marked "unclaimed" by the post office.

No other efforts were made to notify defendant of the master's hearing which, in fact, was held on May 15, 1972. The only witness at the hearing was plaintiff and neither defendant nor any one on her behalf was present. On August 30, 1972, the master issued his report and recommended that a divorce a.v.m. be granted to plaintiff on the grounds of desertion and indignities. Subsequent to the issuance of the master's report, counsel for defendant discovered that a hearing had been held and defense counsel contacted the master and asked for a second hearing so that defendant could present her case. The master notified defense counsel that the master's report had already been filed. Defense counsel then filed exceptions to the master's report alleging, inter alia, that the master's hearing should not have been held, since defendant had no no-

tice of same. This opinion is written in disposition of defendant's exceptions.

It is clear from the record that subsequent to the appointment of the master, plaintiff did not attempt to give notice of the master's hearing to defendant in accordance with Pennsylvania Rule of Civil Procedure 1133(2), which provides as follows:

"Notice of the hearing shall be given to each party or his attorney of record. *If the defendant has not appeared in the action notice shall be given by the plaintiff by posting a notice in the place provided for that purpose in the office of the prothonotary, by mailing a copy to the persons named in the complaint as likely to know the present whereabouts of the defendant and by sending a copy by registered mail to the defendant at his last known address.*" (Italics supplied.)

While it may be true that defendant was verbally advised of the master's hearing by plaintiff, plaintiff's counsel admits that the procedure set forth in Rule 1133(2) was not followed. This court cannot ignore the clear mandate of Rule 1133(2) and thus we enter the following

### ORDER

And now, to wit, January 18, 1973, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

1. The master's report filed in this matter is suspended and set aside.

2. The case is remanded to the master to conduct a hearing de novo in accordance with this opinion.